RECEIVED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

2011 JUL 13  P 2: 35

CLERK US ..........
ALEXANDRIA. VIRGINIA

)
)
)
)
United States of America, *ex rel.*            )
Beauchamp and Shepherd                         )
)  Civil Action No. 1:11-cv-371
                    **Plaintiffs,**            )  (JCC/JFA)
)
v.                                             )
)
U.S. Training Center, Inc. ("USTC")            )
850 Puddin Ridge Road                          )
Moyock, NC 27958                               )
)
)
                    **Defendant.**            )
)
)


**EMERGENCY *EX PARTE* MOTION FOR A LIFTING OF THE SEAL**

Relators Lyle Beauchamp and Warren Shepherd respectfully request that the Court lift

the seal on this *qui tam* lawsuit against Defendant U.S. Training Center.  Relators seek the lifting

of seal in order to be permitted to testify in the July 25, 2011, jury trial being held in the *U.S. ex*

*rel Davis v. Erik Prince, et al., 1:08cv1244 (J. Ellis)*.  Defendant USTC is a party in that

litigation, as well as this one.

On April 8, 2011, Relator Lyle Beauchamp and Relator Warren Shepherd filed a False

Claims Act lawsuit under seal.  On May 25, 2011, they amended their complaint.  The First

Amended Complaint alleges that Defendant USTC defrauded the State Department in several

ways, including charging the government for billets not actually being filled, and falsifying

1

records to mislead the government into believing that all the men had "qualified" on certain weapons when they had not.

Relators both have personal knowledge that Defendant falsified billing records. As a result, the Davis Relators (represented by the same counsel as Relators here) intend to call Relators Beauchamp and Shepherd as third party witnesses in the upcoming July 25, 2011 trial. Defendant subpoenaed both men for deposition.

On May 25, 2011, Defendant deposed Relator Beauchamp. Defense counsel asked him if he had sued Defendant. Undersigned counsel directed him not to answer on the grounds of attorney client privilege. To the same effect, counsel refused to produce the retainer agreement, which refers expressly to Relator Beauchamp retaining counsel to bring a *qui tam* lawsuit.

Defendant filed a motion to compel Relator Beauchamp to produce the retainer agreement, and to answer the question of whether he had filed suit against Defendant.

The Court (J. Jones) heard oral argument and took the matter under advisement. Today, at 10:17am, Magistrate Judge Jones ruled that Relator Beauchamp must produce "forthwith" the first four paragraphs of the retainer agreement (which expressly refers to being retained to file a qui tam lawsuit) and must sit for deposition *not later than July 19, 2011*, or be barred from testifying at the July 25 trial.[1]  *See* Exhibit A (Dkt No. 511).

This Emergency Motion results from that ruling. Messrs. Beauchamp and Shepherd know that Defendant intentionally altered billing records. Relators Beauchamp and Shepherd would like to testify at the July 25 trial, and answer truthfully all questions posed to them in depositions and during trial about their filing of a *qui tam* lawsuit.

---

[1] Mr. Shepherd's deposition is scheduled to occur on Friday, July 15, 2011, and  Defendant likely will pursue the same line of questioning.

However, the False Claims Act jurisprudence is divided on whether a Relator breaks the statutorily-required seal by discussing the sealed *qui tam* in a public setting[2].   *Compare United States ex rel. Lufan v. Hughes Aircraft*, 67 F.3d 242 (9th Cir. 1995) (public discussion permitted) with *United States ex rel. Summers v. LHC Group, Inc.*, 2010 WL 3917058 at *7 (6th Cir. Oct. 4, 2010).

As a result, unless this Court lifts the seal to the degree needed to testify during deposition and trial, Relators Beauchamp and Shepherd will not be able to testify about their first-hand knowledge of falsification of billing records. Relators believe that Defendant, represented by sophisticated counsel who are defending Defendant in a litany of criminal and civil matters, likely are hoping to create a Hobson's choice for Relators: either break the seal and forfeit the ability to pursue the billeting and weapons qualification fraud, or refrain from testifying at the Davis trial.  Such a result would not serve the ends of justice.  Relators respectfully request that Court lift the seal on the *qui tam* lawsuit to the extent needed to comply with the Court's (J. Jones) Order.  Relators' understanding is that such a lifting of the seal is unlikely to prejudice the United States' interest in investigating the case.

Relators' counsel conferred with the Department of Justice counsel, Stan Alderson. Relators' counsel are sending him a copy of this Emergency Motion via email simultaneous with filing.

Date:   July 13, 2011

Susan L. Burke (VA Bar No. 27769)

---

[2] Note, here, the Court has extended the seal beyond the statutorily-required 60 days in response to a request from the United States.

Counsel for Relators
BURKE PLLC
1000 Potomac Street, N.W.
Washington, DC 20007-1105
Telephone:    (202) 386-9622
Facsimile:    (202) 232-5513
sburke@burkepllc.com

4